UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

INFOMEDIA GROUP, INC. d/b/a CARENET
HEALTHCARE SERVICES,

    Plaintiff,

vs.

CASE NO.:

AMERICAN HEALTH SCREENING LLC,

    Defendant.
_____/

## COMPLAINT

Plaintiff, INFOMEDIA GROUP, INC. d/b/a CARENET HEALTHCARE SERVICES ("Carenet"), by and through undersigned counsel, sues Defendant, AMERICAN HEALTH SCREENING LLC ("American Health"), and alleges as follows:

### JURISDICTION, PARTIES, AND VENUE

1. This is an action for damages in excess of $75,000, excluding interest, costs, and attorney's fees.

2. Carenet is a for-profit corporation incorporated in Texas with its principal place of business in San Antonio, Texas. Carenet is therefore a citizen of Texas.

3. American Health is an Indiana limited liability company with its principal place of business in Greenwood, Indiana, and whose members are all citizens of Indiana. American Health is therefore a citizen of Indiana.

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1332(a)(1) under satisfaction of diversity jurisdiction – the parties are citizens of different states and the amount in controversy exceeds $75,000.

5. Venue is proper in the Southern District of Florida pursuant to 28 U.S.C. §139l(a)(2) because the events and related services giving rise to this legal action occurred within Miami-Dade County, Florida.

## GENERAL ALLEGATIONS

6. On or about March 5, 2021, American Health entered into a valid, enforceable agreement with OpenMed, Inc. ("OpenMed") wherein OpenMed was to provide Software as a Service ("SaaS") and certain professional services for American Health (the "Contract"). The Contract is attached as **Exhibit A**.

7. The Contract contains a forum selection clause identifying the United States District Court for the Southern District of Florida as the proper forum for disputes arising out of the agreement and the laws of the State of Florida as controlling. *See* Ex. A at p. 8, ¶12.

8. In or around November 2021, Carenet acquired OpenMed and all of OpenMed's assets, including the rights, title, and interest to or associated with the Contract.

9. All conditions precedent to the filing of this action have been performed, have occurred, have been waived, or otherwise have been satisfied.

10. Carenet has retained the undersigned law firm to represent it in this action, and is obligated to pay a reasonable fee for such representation.

## COUNT I – BREACH OF CONTRACT

Carenet adopts, re-alleges, and incorporates by reference Paragraphs 1 through 9 above, as if fully set forth herein.

11. Pursuant to its obligations under the Contract, Carenet performed a variety of services and incurred expenses in conjunction with those services.

12. American Health breached the contract by failing to pay the full amount due and owing under the Contract, and currently owes a balance of at least $718,114.56, plus interest.

13. Carenet has demanded that American Health pay the full amount due and owing under the Contract, but American Health has refused to satisfy its obligations.

14. As a result of American Health's breach, Carenet has suffered damages, continues to suffer and may in the future suffer damages.

WHEREFORE, Carenet demands judgment in its favor and against American Health for damages, plus interest, costs, and such other and further relief as this Court deems just and proper.

## COUNT II – UNJUST ENRICHMENT

Carenet adopts, re-alleges, and incorporates by reference Paragraphs 1 through 9 above, as if fully set for herein.

15. In the event this Court finds that there is no express contract between Carenet and American Health, Carenet lacks an adequate remedy at law.

16. Carenet has performed services and incurred expenses that have conferred a benefit to American Health, including, but not limited to: providing American Health with SaaS and other professional services outlined in the Contract, directly benefitting American Health.

17. American Health possessed knowledge of the benefits conferred to it by Carenet.

18. American Health voluntarily accepted and retained the benefit conferred by Carenet.

19. The circumstances are such that it would inequitable for American Health to retain the benefits without paying the value thereof to Carenet.

WHEREFORE, Carenet demands judgment in its favor and against American Health for payment of the value derived from the benefit conferred by Carenet onto American Health, and for such other further relief as this Court deems just and proper.

### **COUNT III – QUANTUM MERUIT**

Carenet adopts, re-alleges, and incorporates by reference Paragraphs 1 through 9 above, as if fully set for herein.

20. In the event this Court finds that there is no express contract between Carenet and American Health, a contractual relationship is implied in fact because Carenet performed services under circumstances in which the parties must have understood and intended payment of compensation.

21. American Health voluntarily accepted or acquiesced in Carenet's provision of services relating to the Contract.

22. American Health was unjustly enriched by its failure to effectuate payment to Carenet for its services.

23. Carenet had performed or was actively performing the services contemplated by the Contract.

WHEREFORE, Carenet demands judgment in its favor and against American Health for payment of the reasonable value of services performed by Carenet for the benefit of American Health, and for such other relief as this Court deems just and proper.

DATED August 8, 2022.

/s/ *Michael R. Holt*
MICHAEL R. HOLT
Florida Bar No.: 0483450
E-mail: mholt@rumberger.com
docketingmiami@rumberger.com
mholtsecy@rumberger.com
LOREN M. KORKIN
Florida Bar No.: 1010531
E-mail: lkorkin@rumberger.com
lkorkinsecy@rumberger.com
RUMBERGER, KIRK, & CALDWELL, P.A.
80 Southwest 8th Street, Suite 3000
Miami, Florida 33130
Tel: 305.358.5577
Fax: 305.371.7580

*Attorneys for Carenet Health Services*